PER CURIAM.
Appellant seeks review of a final order of the Department of Agriculture and Consumer Services directing appellant to pay appel-lee for oranges delivered by appellee to appellant during August and September 1990. Appellant does not challenge the amount of the indebtedness. Instead, appellant argues (1) that the order was improperly entered against him individually, rather than against J.A. Stephens, Inc., a corporation; and (2) that the order improperly finds that the indebtedness was incurred during the 1989-90 “shipping season.” We affirm as to the first issue, but reverse as to the second.
The record contains competent, substantial evidence to support the finding that the contract was between appellee and appellant, doing business as Frostproof Groves. Moreover, appellant never claimed before either the hearing officer or the agency that J.A. Stephens, Inc., was the proper respondent. Accordingly, appellant’s challenge to that portion of the order is without merit.
Section 601.61(2), Florida Statutes (1989), states that “[f]or purposes of this chapter, every such contract [i.e., contract between citrus fruit dealers or producers involving the purchase, sale, handling or accounting of purchases and sales of citrus fruit] shall be conclusively deemed to have been made and entered into during the shipping season in which the delivery of fruit into the primary channel of trade is made.” Section 601.-03(28), Florida Statutes (1989), reads: “ ‘Primary channel of trade’ means that fruit shall be deemed to have been delivered into the *235 primary channel of trade when it is sold or delivered for shipment in fresh form, or when it is received and accepted at a canning, concentrating, or processing plant for canning, concentrating, or processing.” Finally, section 601.03(32), Florida Statutes (1989), reads: “ ‘Shipping season’ means that period of time beginning August 1 of one year and ending July 31 of the following year.”
The evidence is undisputed that the delivery of the oranges into the “primary channel of trade” occurred during August and September 1990. Therefore, delivery occurred during the 1990-91, rather than during the 1989-90, “shipping season.” Accordingly, pursuant to section 601.61(2), the contract was made, and appellant’s indebtedness incurred, during the 1990-91, rather than during the 1989-90, “shipping season.”
We affirm that portion of the final order finding appellant responsible for the indebtedness to appellee. However, we reverse that portion of the order finding that the indebtedness arose during the 1989-90 “shipping season,” and remand with directions that the order be corrected to reflect that the indebtedness arose during the 1990-91 “shipping season.”
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BOOTH, ALLEN and WEBSTER, JJ., concur.